IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| James R. Watson, Jr., | C/A No. 4:25-cv-12362-SAL |
| Plaintiff, | |
| v. | **ORDER** |
| United States of America, Department of the Treasury, Internal Revenue Service, | |
| Defendants. | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.) ("Report"). [ECF No. 8.] In the Report, the magistrate judge recommends summarily dismissing this matter because the court lacks subject matter jurisdiction. *Id.* at 2–5. Plaintiff objects to that recommendation. *See* ECF Nos. 11, 12, 15. For the reasons below, this court overrules his objections and dismisses the case.

**BACKGROUND AND PROCEDURAL HISTORY**

The Report outlines the relevant facts and standards of law, which this court incorporates by reference. [ECF No. 8.] In sum, Plaintiff alleges he filed an amended federal tax return for 2024 on April 19, 2025, but that it has yet to be processed by the Internal Revenue Service ("IRS"). [ECF No. 1 at 1.] He further claims he filed an amended return for 2023, which was processed on March 31, 2025, and which reflects an overpayment. *Id.* But instead of being issued a refund, his overpayment was applied to another obligation. *Id.* Plaintiff seeks a refund of the overpayment and the processing of his amended 2024 return. *Id.* at 2.

The magistrate judge recommends this court summarily dismiss the case for lack of subject matter jurisdiction.

**REVIEW OF A MAGISTRATE JUDGE'S REPORT**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal

construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

As explained in the Report, a taxpayer must first exhaust his administrative remedies by filing a proper claim with the IRS before seeking judicial relief. [ECF No. 8 at 3–5.] Plaintiff has not done so and admits as much in his objections. *See* ECF No. 11. He offers that he plans to file an administrative claim and argues that dismissal would unfairly prejudice him. *Id.* at 1. Thus, he asks that this court not dismiss this case and, instead, order the IRS to resolve his issues within 30 days, allow him to subpoena IRS call logs and phone records, and recognize his good faith efforts. *Id.* at 2; *see also* ECF No. 15 at 2. In the alternative, Plaintiff asks that the court hold this case in abeyance while Plaintiff pursues an administrative claim. [ECF No. 11 at 2; ECF No. 15 at 2.]

The court overrules Plaintiff's objections and adopts the reasoning and recommendation in the Report. The court must dismiss an action if it determines at any time that subject matter jurisdiction is lacking. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## CONCLUSION

For the reasons above, the Report, ECF No. 8, is adopted and incorporated. This action is **SUMMARILY DISMISSED** without prejudice and without issuance and service of process. Plaintiff's Motion for Default Judgment (ECF No. 13) is **DISMISSED**. As for Plaintiff's Motion to Seal, ECF No. 14, it appears Plaintiff's Social Security number has been partially or fully

redacted in the documents he has filed with the court. The court declines to seal this case in its entirety. Accordingly, that motion is **DENIED**.

    **IT IS SO ORDERED.**

November 12, 2025  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge